IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN DEWAYNE WILSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:13-CV-0168-CAR-CHW |
| JACKSON STATE PRISON, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

### ORDER

Plaintiff Allen Dewayne Wilson, an inmate currently confined at Washington State Prison in Davisboro, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  In an order dated July 5, 2013, the United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pre-pay an initial partial filing fee of $ 4.50.  The time for complying with the Magistrate Judge's order has now passed, and Plaintiff has not yet paid the filing fee.

The Court has, nonetheless, completed the required preliminary screening of Plaintiff's claims and finds that his complaint fails to state a claim for relief under 42 U.S.C. § 1983.  The complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. §1915A(b).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

## STATEMENT AND ANALYSIS OF CLAIMS

In this case, Plaintiff's Complaint alleges that he was injured when a prison door fell and struck him on the head. Plaintiff was apparently taken to the hospital and discharged after treatment. Plaintiff claims that he was unable to walk when he returned to the prison and that prison officials refused to provide him with a wheel chair. Other inmates were allegedly forced to care for Plaintiff, and he claims to still be in a great deal of pain.

In light of these allegations, the Court presumes that Plaintiff has attempted to state a claim for violations of his Eighth Amendment rights under 42 U.S.C. § 1983. Plaintiff's original Complaint, however, failed to name any defendant from whom he may recover under § 1983. At that time, the only named defendants were Jackson State Prison, U.S. Steel Company, and the State of Georgia. Thus, after a cursory review of the pleading, the United States Magistrate Judge ordered Plaintiff to recast.

Plaintiff has now filed a Recast Complaint (Doc. 12) and names the "State of

Georgia," "Warden of Prison," and "Jackson State Prison Maintenance" as defendants. Neither the State of Georgia nor the prison maintenance department are entities subject to liability under 42 U.S.C. § 1983. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) (Eleventh Amendment immunity); Spires v. Paul, No. CV611–045-2011, WL 2604726, at *2 (S.D. Ga. June 7, 2011) (department within the prison "is not a person or an entity subject to suit because it does not have legal existence"). Plaintiff's § 1983 claims against these defendants shall therefore be **DISMISSED**.

Plaintiff has also failed to state an Eighth Amendment claim against the "Warden of Prison." The Recast Complaint alleges that Plaintiff's door was "reported broke" and "logged in the officer's books" long before this incident. Plaintiff then assumes that the warden's "negligence" in failing to have "maintenance fix the broke door" caused his injuries. It is well-settled that a negligent act by a state official does not give rise to §1983 liability. Daniels v. Williams, 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986); Hernandez v. Florida Dept. of Corr., 281 F. App'x 862, 866 (11th Cir. 2008). An Eighth Amendment violation will occur only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk'. . . ." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Nothing in the Recast Complaint suggests that the warden was "subjectively aware" that the door posed a substantial risk of serious harm to Plaintiff or any other inmate prior to this incident.

Even if Plaintiff could show that the door "was reported" to a prison employee as "broke," this knowledge cannot be imputed to the warden. See Burnette v. Taylor, 533

4

F.3d 1325, 1331 (11th Cir. 2008).  As Plaintiff was previously advised, he cannot state a §1983 claim based upon a theory of respondent superior or vicarious liability. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and alteration omitted).  To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  Plaintiff has not made any such allegations here.

     Plaintiff may have also attempted to state an Eighth Amendment claim based on the alleged denial of a wheel chair.  As noted above, the Recast Complaint alleges that Plaintiff was unable to walk when he returned from the hospital and was denied access to a wheel chair.  This apparently resulted in Plaintiff being unable to obtain hot food from the cafeteria and left him vulnerable to physical injury.  Other inmates allegedly allowed Plaintiff to borrow a wheel chair and carried him to the restroom.

     Even if true, these allegations fail to state an Eighth Amendment claim against the prison's warden.  Plaintiff's Recast Complaint does not allege that the warden personally denied Plaintiff access to a wheel chair or that there is a causal connection between the warden's actions and the alleged denial.  The Recast Complaint, in fact, contains no allegations connecting the warden to this claim.  It is well-settled that a district court properly dismisses a named defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state allegations that connect the defendant with the alleged constitutional violation. Douglas v. Yates, 535

F.3d 1316, 1322 (11th Cir. 2008) (citing <u>Pamel Corp. v. P.R. Highway Auth.</u>, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

All Eighth Amendment claims against the "Warden of Prison" will therefore be **DISMISSED**. However, because a more carefully drafted complaint could potentially state an Eighth Amendment claim against this defendant, the dismissal of these claims will be **without prejudice**.

Plaintiff's Recast Complaint indicates that he also wishes to bring state law claims against all defendants. The district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). <u>See</u> <u>also</u>, <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir.2004) (per curiam) (citation omitted); <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114, 1119 (11th Cir. 1999). This Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims shall also be **DISMISSED without prejudice**.

## CONCLUSION

Plaintiff's Recast Complaint is hereby **DISMISSED**. Plaintiff's pending Motion for "Summary Judgment "(Doc. 9), Motion to "Subpoena Evidence" (Doc. 11), and second Motion to Proceed *in forma pauperis* (Doc. 13) are deemed **MOOT**.

The dismissal of this complaint does not relieve Plaintiff of his obligation to pay the Court's filing fee; he is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). As Plaintiff was previously advised, the filing fee is not refundable, regardless of the outcome of

Plaintiff's case.  Plaintiff is thus liable for this cost even when the Court dismisses his claims prior to service.  See Order, July 5, 2013 (Doc. 10).

For this reason, it is **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit and the granting of judgment against him prior to the collection of the full filing fee.  In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.  If Plaintiff is released from custody and fails to remit payments, collection of any balance due is authorized by any means permitted by law.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is presently confined.

**SO ORDERED**, this 4th day of October, 2013.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr